HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.

DAVID D. DELAY

        Defendant.

Cause No. CR15-175 RSL

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant David Delay, by and through his Attorneys, Gilbert H. Levy and Terrence Kellogg, submits the following memorandum in support of his position at sentencing:

## I. SENTENCING RECOMMENDATION

Defense asks the Court to impose a sentence of 180 months on Counts 2 through 7, 15 and 16; 60 months on Count 8; 84 months on Counts 1, 9 through 14, with all sentences to run concurrently with one another, for a total sentence of 180 months. Upon release from custody, the Defendant should be placed on supervised release for 60 months.

## II. GUIDLINE APPLICATION

Defense Counsel does not dispute the guideline calculation of U.S. Probation, which calls for a sentence of life. However, it is important to point-out that very few life sentences have

DEFENDANT'S SENTENCING
MEMORANDUN - 1

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670 Fax: (866) 471-6818

been imposed in the Western District of Washington, and most of them were for crimes of violence or drug offenses. See Attached Exhibit 1.  Neither the Government nor U.S. Probation are recommending a life sentence, although the 30-years-plus sentence that each is recommending is probably the equivalent of life in the Defendant's case.

## II.  BASIS OF THE RECOMMENDANTION AND REASONS FOR VARIANCE

### A.  Defendant's Age and Health

Defendant is 51-years-old and suffers from high blood pressure.  As discussed more fully below, prison is a dangerous and unhealthy environment.  Chances that he would survive a 30-years-plus sentence, as proposed by the Government and U.S. Probation, are not very good.  If he is able to survive prison, the person who is eventually released is likely to be much different than the person that he is today.

### B.  Criminal History

The Defendant has none.  Most of the Defendant's predatory behavior seems to have begun around the year 2000 when he began seeking treatment at Group Health Cooperative for bipolar disorder.

### C.  Seriousness of the Offense

The sentence that the Government and U.S. Probation are seeking is one that is typically reserved for homicide, rape and other violent crimes.  If Defendant had committed first degree murder in the State system, he would be looking at less time.  The recommended sentence of 30-years-plus is disproportionate to the seriousness of the offense.

### D.  Mental Disorder

DEFENDANT'S SENTENCING
MEMORANDUN - 2

https://lawofficeghl-
my.sharepoint.com/personal/assistant_lawofficeghl_on
microsoft_com/Documents/DeLay/Pleadings/Sentence
Memo 2.doc

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

Defendant sought mental health treatment at Group Health Cooperative in 2000 when he was experiencing depression and suicidal ideation in connection with custody issues that he was having with his ex-wife.  His treatment continued until 2004.  Defendant's Group Health Medical Records are filed with the Court as a separate exhibit under seal.  The diagnosis he received from his treatment providers was Bipolar II.  The diagnosis was confirmed by Dr. Allison Osborn who evaluated the Defendant for competence to stand trial.  Dr. Osborne's report is filed with the Court as a separate exhibit under seal.  According to the DSM 5, persons suffering from Bipolar II experience hypomanic episodes as well as severe depression.  Hypomanic episodes may be characterized by inflated self-esteem or grandiosity, and excessive involvement in activities that have a high potential for painful consequences such as unrestrained buying sprees, sexual indiscretions or foolish business investments.  American Psychiatric Association, *Diagnostic and Statistical Manual, Fifth Edition,* pp. 132, 133.  "A common feature of Bipolar II is impulsivity, which can contribute to suicide attempts and substance abuse disorders." Id. at p. 134.  Another common feature of Bipolar disorder is sex-addiction and hyper sexuality. See Attached Exhibit 2.

Much of the Defendant's criminal conduct is explained, although not excused, by his mental disorder.  As the Government points-out in its sentencing memorandum, the Defendant was constantly online seeking-out sexual relationships with young women.  Likewise, it explains some of the more bizarre features of his sexuality including his constant efforts to have young women send him explicit pictures of themselves and his fascination with bodily elimination.  Likewise, the grandiosity and impulsivity associated with his mental disorder explain his consistently poor decision-making, such as his efforts to obstruct justice, his decision to go to

DEFENDANT'S SENTENCING
MEMORANDUN - 3

https://lawofficeghl-
my.sharepoint.com/personal/assistant_lawofficeghl_on
microsoft_com/Documents/DeLay/Pleadings/Sentence
Memo 2.doc

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

trial, his decision to testify, and his rude and inappropriate behavior in court.  As a feature of the grandiosity, the Defendant believes that he is smarter than everybody else, but his decisions are consistently self-destructive.  It is important to remember that the Defendant's mental condition is something that he was born with, and is not a condition that he chooses to have.  To put it differently, the Defendant is responsible for the choices he made, and there is no excuse for the harm that he inflicted on others.  But his judgment and decision making are adversely affected by his mental disorder.

E.  Life in Prison

As a convicted sex offender, the Defendant goes to prison with a target on his back. Gang members and their associates believe it's their sacred duty to assault convicted sex offenders.  Given the length of his sentence and the severity of his crime, the Defendant is likely to be sent to a USP where there is great danger of personal violence.  The Defendant may be forced to choose between protective custody (solitary confinement) and being stabbed or beaten up in general population.

F.  Sentence Disparity

Co-Defendant Comer engaged in much of the same criminal conduct as the Defendant. Comer placed prostitution ads, encouraged others to engage in prostitution, and profited from prostitution.  Comer persuaded M.K. to engage in humiliating acts of self-debasement, which included having the name "Reese" tattooed on her buttock.  Comer is just as responsible as the Defendant for the victimization of M.K.  Comer cooperated but was never called to testify. Comer repeatedly violated the terms of her pre-trial release.  While the Defendant may have been the catalyst, Comer freely and voluntarily engaged in criminal conduct.  Nobody forced her to do

DEFENDANT'S SENTENCING
MEMORANDUN - 4

**Gilbert H. Levy**
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

what she did.  Comer's role in the offense may have been less than that of the Defendant.  However, her sentence of 36 months is an unwarranted disparity when compared to the 30-years-plus sentence that the Government and Probation recommend for the Defendant.

G.  Family Support

Defendant relies on the love and support of his family members, which is undoubtedly one reason why he wished to delay the sentencing.  His father, sister, and daughter testified on his behalf.  His mother and other family members were present in the courtroom throughout the trial.  Defendant's parents are old and infirm and are likely to pass while Defendant is serving his sentence.  Defendant may be sent to an institution where there will be little opportunity for contact with his family.

## VI.  CONCLUSION

Undoubtedly, the sentence should reflect the seriousness of the offense, but a 15-year sentence is sufficient punishment for the crime in this case.  The Court should impose a sentence which gives the Defendant some hope for the future and enables him to get out of prison while he still has some life left to live.

DATED:  April 6, 2018.

/s/Gilbert H. Levy
Gilbert H. Levy, WSBA #4805
Attorney for Defendant

/s/Terrence Kellogg
Terrence Kellogg, WSBA #6452
Attorney for Defendant

DEFENDANT'S SENTENCING
MEMORANDUN - 5

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

**CERTIFICATE OF SERVICE**

I certify that on April 6, 2018, I caused to be electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record.

/s/Gilbert H. Levy
Gilbert H. Levy WSBA# 4805
Attorney for Defendant

DEFENDANT'S SENTENCING
MEMORANDUN - 6

https://lawofficeghl-
my.sharepoint.com/personal/assistant_lawofficeghl_on
microsoft_com/Documents/DeLay/Pleadings/Sentence
Memo 2.doc

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818